**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**FIRST VAGABONDS CHURCH OF GOD,**
**BRIAN NICHOLS, ORLANDO FOOD**
**NOT BOMBS, RYAN SCOTT**
**HUTCHISON, BENJAMIN B.**
**MARKESON, ERIC MONTANEZ and**
**ADAM ULRICH,**

        **Plaintiffs,**

-vs-                              **Case No. 6:06-cv-1583-Orl-31KRS**

**CITY OF ORLANDO, FLORIDA,**

        **Defendant.**

## ORDER

This matter comes before the Court on Defendant's *ore tenus* Motion for Judgment on Partial Findings under Federal Rule of Civil Procedure 52 (Doc. 73), which was made on June 24, 2008 during the bench trial of this case. At that time, the Court deferred ruling on that motion. However, after considering the parties' arguments and the evidence presented, this Court finds that the motion should be granted with respect to Count I and denied as to all other Counts.[1]

On June 24, 2006, the Large Group Feeding Ordinance ("the Ordinance") was enacted by the City of Orlando ("the City").[2] The Ordinance requires anyone conducting a "large group feeding" within the Greater Downtown Park District ("GDPD") to first obtain a permit from the

---

[1] For this reason, only Count I will be discussed herein.

[2] Code of the City of Orlando § 18A.09-2.

City. Code of the City of Orlando § 18A.09-2.[3] "Large group feedings" are defined as events that intend to attract, actually attract, or are likely to attract 25 or more people. Code of the City of Orlando § 18A.01(23). The Ordinance limits the number of permits any group can receive within the GDPD to two per park within a twelve-month period. Code of the City of Orlando § 18A.09-2.

Pastor Brian Nichols ("Nichols") was ordained as a Christian minister in 2004. PL. EXH. 2. In 2005 he formed his congregation, the First Vagabonds Church of God ("FVCG") in Orlando. Nichols, having been homeless himself for a time, sought to minister to homeless Christians in downtown Orlando. Currently his congregation has approximately forty members and holds services every Sunday at 1:00 p.m. in Langford Park, which is located within the GDPD. The services consist of songs, prayer, Bible readings and food sharing. The breaking of bread amongst the members of his congregation is a Christian tradition and an integral part of Nichols' ministry.

After trying out several less suitable locations, Nichols chose to hold his services in Langford Park because it is centrally located in a serene setting and is equipped with a pavilion, grill, potable water and restrooms. It is also located adjacent to public transportation. The location and amenities offered by Langford Park make it ideal for the conduct of Nichols' services.

In Count I of the complaint, Nichols and FVCG ("Plaintiffs") contend that the Ordinance violates Florida's Religious Freedom Restoration Act ("FRFRA"). In order to establish a claim under FRFRA, "a plaintiff must only establish that the government has placed a substantial burden

---

[3]The GDPD is a circular area that extends out a 2 mile radius in all directions from City Hall. Code of the City of Orlando § 18A.01(24); *see* DEF. EXH. 16.

on a practice motivated by a sincere religious belief." *Warner v. City of Boca Raton,* 887 So. 2d 1023, 1032 (Fla. 2004). Under FRFRA "a substantial burden on the free exercise of religion is one that either compels the religious adherent to engage in conduct that his religion forbids or forbids him to engage in conduct that his religion requires." *Id.* at 1033.

It is clear that food sharing is part of Plaintiffs' religious services and thus is a practice motivated by a sincere religious belief. Furthermore, the Ordinance clearly places a burden on Plaintiffs, because it requires them to obtain permits to hold their services in Langford Park and limits them to 2 permits per year at that park. Thus, to comply with the Ordinance, Plaintiffs will either have to limit their services to twice per year, rotate them to other parks within the GDPD, or move them to a park outside of the GDPD.[4]

The City argues, however, that the Ordinance does not amount to a substantial burden under FRFRA because it does not forbid Plaintiffs from engaging in this religious conduct, but instead only makes that conduct inconvenient. *See Warner,* 887 So. 2d at 1035. Conversely, Plaintiffs argue that the ordinance amounts to a substantial burden because its practical application precludes Nichols from conducting his religious services.

In support of this argument, Plaintiffs produced some evidence that, given the limited means of communication and transportation available to the homeless[5], there is at least a possibility that these limitations would prevent some members of the FVCG congregation from

---

[4]The City suggests another alternative: that Plaintiffs hold their services at Sylvia Lane, which is located within the same area as the GDPD, but is not a park. Sylvia Lane is a former parking lot, under an expressway, enclosed by a chain link fence with barbed wire at the top and offers no amenities except tables and portable toilets. *See* PL. EXH. 4. This "Ghetto" alternative is entirely unacceptable to Plaintiffs, and to this Court as well.

[5]The majority of the members of FVCG are homeless.

-3-

learning of and traveling to FVCG's services. Moreover, while other parks in the GDPD may be available to Plaintiffs, testimony offered by the City suggested that there are only a handful of parks in the GDPD that offer amenities similar to those provided by Langford Park.

However, the evidence shows that communication is possible and transportation is available to the members of FVCG. Testimony was presented that word of mouth has been an effective way of communicating to the members of FVCG in the past, and also that several members of FVCG have access to cell phones and the internet. Furthermore, other forms of communication are available (i.e. flyers, posters, etc.), but Nichols prefers not to advertise his services because he does not want to attract non-believers. There was also evidence presented that transportation to other parks within the GDPD is not a problem, as many of the members of FVCG regularly take a city bus or walk approximately one and a half miles to attend the services in Langford Park.

Clearly, the ordinance places a significant burden on FVCG's services. However, it does not rise to the level of a substantial burden as defined by FRFRA. Accordingly, it is

**ORDERED** that Defendant's *ore tenus* Motion for Judgment on Partial Findings under Federal Rule of Civil Procedure 52 (Doc. 73) is **GRANTED** with respect to Count I and **DENIED** as to all other Counts. Judgment will be entered in favor of Defendant as to Count I after all of Plaintiffs' claims have been resolved.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on June 26, 2008.

Copies furnished to:
Counsel of Record

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE