**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**FIRST VAGABONDS CHURCH OF GOD,**
**BRIAN NICHOLS, ORLANDO FOOD**
**NOT BOMBS, RYAN SCOTT**
**HUTCHISON, BENJAMIN B.**
**MARKESON, ERIC MONTANEZ and**
**ADAM ULRICH,**

        **Plaintiffs,**

**-vs-**                                              **Case No. 6:06-cv-1583-Orl-31KRS**

**CITY OF ORLANDO, FLORIDA,**

        **Defendant.**

_____

## ORDER

This matter came before the Court upon consideration of Plaintiffs' Motion for Attorneys' Fees and Litigation Expenses (the "Motion for Fees") (Doc. 93) and Defendant's response in opposition thereto (Doc. 102). On October 31, 2008, the Court held an evidentiary on Plaintiff's Motion (Doc. 105).

**I. Overview**

Plaintiffs, First Vagabonds Church of God, Brian Nichols, Orlando Food Not Bombs, Ryan Scott Hutchinson, Benjamin B. Markeson, Eric Montanez and Adam Ulrich ("Plaintiffs"), move this Court for an award of attorneys' fees totaling $323,120.00.[1] In support of this award,

---

[1] Plaintiffs also move this Court for an award of costs (Doc. 95) and litigation expenses totaling $3,293.64. Because Defendant has not opposed Plaintiffs' request for costs and litigation expenses, the Court will award Plaintiffs their costs and litigation expenses.

Plaintiffs contend that their three attorneys, Ms. Dowd, Mr. Katon, and Mr. Marshall, should each be awarded fees based on a reasonable hourly rate of $400.00. Based on this rate and the hours expended, *infra*, Plaintiffs calculate the following fee award:

| Attorney | Rate | Hours | Totals |
| --- | --- | --- | --- |
| Ms. Dowd | $400.00 | 423.5 | $169,400.00 |
| Mr. Katon | $400.00 | 373.1 | $149,240.00 |
| Mr. Marshall | $400.00 | 11.2 | $4,480.00 |
| TOTAL: | | **807.8** | **$323,120.00** |

Defendant, City of Orlando ("Defendant"), concedes that Plaintiffs are prevailing parties under 42 U.S.C. § 1988 and that Plaintiffs are therefore entitled to a reasonable attorneys' fee award. However, Defendant argues that the reasonable hourly rates for Plaintiffs' attorneys and the compensable hours performed by same are excessive. Specifically, Defendant contends that a reasonable hourly rate for Ms. Dowd should be $200.00 and that a reasonable hourly rate for both Mr. Katon and Mr. Marshall should be $250.00. Based on these rates and the adjusted times, *infra*, Defendant calculates the following fee award:

| Attorney | Rate | Hours | Totals |
| --- | --- | --- | --- |
| Ms. Dowd | $200.00 | 325.8 | $65,160.00 |
| Mr. Katon | $250.00 | 299.9 | $74,975.00 |
| Mr. Marshall | $250.00 | 11.2 | $2,800.00 |
| TOTAL: | | **636.9** | **$142,935.00** |

Both Plaintiffs and Defendants rely on expert testimony[2] to support their view of a proper fee award in this case. Plaintiffs have also submitted their attorneys' resumes, billing time sheets, and representation/retainer agreements.[3] Finally, both parties rely on Middle District of Florida opinions which have awarded fees in cases involving similar civil rights litigation.

Based on a complete review of the entire record, the Court finds that Plaintiffs' fee request is inflated. As addressed in detail, *infra*, the Court finds that a reasonable hourly rate for Ms. Dowd and Mr. Katon should be $300.00 and $350.00, respectively. The Court further finds that Ms. Dowd's and Mr. Katon's total compensable hours, exclusive of the October 31, 2008 hearing on Plaintiff's Motion for Fees, should be 313 and 314.3 hours, respectively. Together, then, with the time spent by Plaintiffs' attorneys in preparing for and attending the hearing on Plaintiff's Motion for Fees, the Court finds that a total award of $231,250.00 is reasonable in this case.

**II. Analysis**

The starting point in calculating an award of fees is to determine the lodestar (i.e., the attorney's reasonable hourly rate multiplied by the number of hours reasonably expended on the litigation). *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The reasonable hourly rate is the "prevailing market rate" in the relevant legal community for attorneys of comparable skill and experience.[4] *Norman v. Housing Auth.*, 836 F.2d 1292, 1299 (11th Cir. 1988). The number of

---

[2]This expert testimony was presented to the Court in the form of affidavits as well as live testimony during the October 31, 2008 hearing.

[3]Upon the Court's request, Plaintiffs filed their respective representation and retainer agreements under seal.

[4]Outside of cases involving the adult entertainment industry, which are not akin or particularly insightful to the case at bar, the Court notes that there is no true "market" for determining fees in First

hours reasonably expended on the litigation should not be excessive, redundant, or otherwise unnecessary, and should reflect proper billing judgment. *Hensley*, 461 U.S. at 434 (1983).

In determining the lodestar, district courts have wide discretion. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)(citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). However, the Court "must articulate the decisions it made, give principled reasons for those decisions, and show its calculation." *Norman*, 836 F.2d at 1304. Furthermore, Courts within the Eleventh Circuit have long relied on the following twelve factors in determining fee awards : (1) the time and labor required; (2) the novelty and difficulty of the case; (3) the skill requisite to perform the legal service properly; (4) the opportunity cost or preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee for similar work in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount of damages involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and duration of the professional relationship with the client; and (12) the size of awards in similar cases. *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 1989). Finally, the Court is itself an expert in this area and may consider its own knowledge and experience concerning reasonable and proper fees. *Norman*, 836 F.2d at 1303.

---

Amendment litigation. Indeed, most cases of this type are brought by public interest attorneys who do not bill their clients – not private law firms. While Plaintiffs have suggested that the reasonable hourly rates charged by large, Orlando commercial law firms should be considered as benchmarks, those commercial rates include significant overhead. Although the Court appreciates the commercial analog, those rates may not be the best proxy for setting rates in a First Amendment case of this type.

### A. Attorney Jacqueline Dowd

#### 1. Ms. Dowd's Reasonable Hourly Rate

Plaintiffs' expert opined that a reasonable hourly rate for Ms. Dowd should be between $375.00 and $450.00.  Ms. Dowd has an impressive resume of more than twenty years of practice, including time spent as the Director of Florida A&M University Law School's Housing and Homelessness Advocacy Clinic, an Assistant Attorney General of the State of Florida and as a product liability attorney at Rumberger, Kirk and Caldwell.  However, Ms. Dowd's years of experience were not fully utilized in this case.  Indeed, Ms. Dowd acted as second-chair and the work she performed appears to have often amounted to gathering facts, attending feedings and doing preliminary drafting and research.  In the large, commercial law firms to which Plaintiffs would have this Court look in setting the fees of their counsel, third and fourth-year associates typically perform the sort of work which Ms. Down performed in this case  – not attorneys with twenty-plus years of litigation experience.  On the other hand, however, Defendant's suggested rate of $200.00 per hour for Ms. Dowd is inconsistent with this Court's own experience and judgment.  While this litigation did not involve particularly difficult questions of fact, questions of First Amendment law are rarely straightforward and require a good deal of competence to successfully prosecute.  Notwithstanding the fact that Plaintiffs appear to have "overstaffed" this case, the Court finds that a reasonable hourly rate for Ms. Dowd should be $300.00.

#### 2. Ms. Dowd's Compensable Hours

Exclusive of the fee hearing, Ms. Dowd's time sheets in this case reflect 325.8 hours of work expended in this case. While Plaintiffs' counsel testified that they have already exercised billing judgment by cutting a significant amount of time in this case, including, in particular, Ms.

Dowd's time, the Court nevertheless finds Ms. Dowd's time to still be excessive. Specifically, the Court finds that the 50 hours spent by Ms. Dowd in preparing the Complaint should be reduced to 40 hours. Although the thirty-three page Complaint contained six separate counts, Plaintiffs had to file an Amended Complaint after Count I of the original Complaint was dismissed for failure to state a claim. Similarly, Ms. Dowd's pre-filing work of 98 hours should also be reduced to 38 hours.[5] Other than some preliminary meetings with her clients and a review of the City of Orlando's Ordinance, the pre-filing work in this case simply should not have amounted to 98 hours. Next, the Court finds that spending a significant amount of time at Lake Eola was not crucial to Plaintiffs' case. Accordingly, the time Ms. Dowd spent in making trips to Lake Eola should be reduced from 27 hours to 12 hours. The 69 hours spent in responding to Defendant's Motion for Summary Judgment are clearly excessive and should be reduced to 29 hours.[6] At the summary judgment stage, particularly where Plaintiffs were responding to – rather than moving for – summary judgment, Plaintiffs should have already been well-prepared with relevant legal research and a detailed factual work-up of their case. The 1.1 hours Ms. Dowd spent in re-gaining admission to the Bar of the Middle District Court would rarely, if ever, be billed to a client and are clearly not compensable in this case. The Court further finds that the four (4) hours spent on Plaintiffs' Motion to Disqualify Defendant's Counsel are not compensable. Plaintiff's unsuccessful Motion to Disqualify Defendant's Counsel was significantly without merit and

---

[5] The Court agrees with Plaintiffs that a party may be compensated for work performed prior to the formal memorialization of a representation agreement. However, as with any other time spent in the course of litigation, this time must still also be reasonable.

[6] In addition to her own time, Ms. Dowd's co-counsel also spent 58.4 hours on Plaintiffs' response to Defendant's Motion for Summary Judgment.

unnecessary. Similarly, the 1.5 hours spent by Ms. Dowd on the Motion for Reconsideration of the Court's Order granting in part Defendant's Motion for Judgment as a Matter of Law are not compensable. As most competent counsel in private practice would advise their clients, motions for reconsideration are very rarely granted in federal court. Where, as here, the grounds for a motion for reconsideration were especially weak, the motion should not have been filed. The ten (10) hours spent conferring with and emailing George Crossley – the President of Ms. Dowd's non-profit organization – should be reduced to six (6) hours. Mr. Crossley is not an attorney and was clearly not Ms. Dowd's client. While Ms. Dowd could reasonably be expected to spend some time keeping the President of her organization up-to-date with the status of the lawsuit, ten (10) hours is excessive. Finally, the time spent in communicating with John Barry – a board member of the American Civil Liberties Union ("ACLU") – should be reduced to 8.4 hours. The amount of time spent communicating with Mr. Barry is simply not reasonable.

Accordingly, upon thorough review of Ms. Dowd's time sheets and in light of the foregoing reductions, the Court finds that the total number of hours which Ms. Dowd reasonably expended in the ligation should be 313 hours.

### B. Attorney Glenn Katon

#### 1. Mr. Katon's Reasonable Hourly Rate

As with Ms. Dowd, Plaintiffs' expert opined that a reasonable hourly rate for Mr. Katon should be between $375.00 and $450.00. Defendant's expert conceded that Mr. Katton has substantial litigation experience, including experience in litigating First Amendment issues, but opined that a reasonable hourly rate for Mr. Katon should be $250.00. Mr. Katon has more than sixteen years of trial practice, including time spent as a federal law clerk for a U.S. District Court

Judge, as a trial attorney for the U.S. Department of Justice, and as a shareholder in the law firm of Bush Ross. Mr. Katon served as lead trial counsel in this case. In the Court's own experience and judgment, Mr. Katon was instrumental in securing the successful results which Plaintiffs achieved. Compared with the skill and experience of other Orlando litigators, based on the legal difficulty of this case, and given Mr. Katon's lead role, the Court finds that a reasonable hourly rate for Mr. Katon should be $350.00.

### 2. Mr. Katon's Compensable Hours

Exclusive of the fee hearing, Mr. Katon's time sheets in this case reflect 373.1 hours of work expended in this case. The Court finds, however, that Mr. Katon's total billable hours are excessive and, like Ms. Dowd's hours, must be reduced. Specifically, the Court finds that the 58.4 hours Mr. Katon spent in responding to Defendant's Motion for Summary Judgment must be reduced to 38.4 hours. As previously noted, Plaintiffs were responding to – not moving for – summary judgment and should have already been substantially well-prepared to address Defendant's motion at that stage of the litigation. Furthermore, the Court has already compensated Plaintiffs' for the 29 hours Ms. Dowd spent on Plaintiffs' response to the Motion for Summary Judgment. Together, then, with the 38.4 hours which Mr. Katon spent on the response, Plaintiffs' are being compensated for 67.4 hours of attorney labor on this response alone. In the Court's estimation, the 67.4 hours spent in responding to Defendant's Motion for Summary Judgment were more than ample. Any more time spent on the response would simply be unreasonable. Similarly, the 38.8 hours Mr. Katon spent on the Motion for Reconsideration must be eliminated. As already noted, the unsuccessful Motion for Reconsideration directed at the Court's resolution of Plaintiffs' FRFRA claim was entirely unreasonable and unnecessary in this case. The Court

agrees with Defendant's expert on this issue and finds that Plaintiffs should not be compensated for unsuccessfully relitigating an issue which the Court had already correctly decided.

Accordingly, upon thorough review of Mr. Katon's time sheets and in light of the foregoing reductions, the Court finds that the total number of hours which Mr. Katon reasonably expended in the ligation should be 314.3 hours.

### C. Attorney Randall Marshall

#### 1. Mr. Marhsall's Reasonable Hourly Rate

Mr. Marshall is the Legal Director of the ACLU for the State of Florida.  He clearly has substantial civil rights litigation experience and has been in practice for approximately twenty-five years.  He has previously been compensated in the Middle District at a rate of $350.00 per hour. *See Am. Civil Liberties Union, Inc. v. Polk County, Fla.*, No. 05-cv-2266 (M.D. Fla. Aug. 30, 2006).  Other than his own conclusory opinion, Defendant's expert did not attempt to articulate why Mr. Marshall's rate should be set at $250.00 per hour.  As the Legal Director of the ACLU for the entire State of Florida, the Court agrees with Plaintiffs and finds that a reasonable hourly rate for Mr. Marshall should be $400.00 per hour.

#### 2. Mr. Marshall's Compensable Hours

Mr. Marshall's time sheets reflect only 11.2 hours expended in this case.  This time was spent solely in preparation for Plaintiffs' Motion for Fees.  Defendant does not dispute the reasonableness of this time.  In the absence of any objection to Mr. Marshall's time, the Court finds that the 11.2 hours expended by Mr. Marshall prior to the fee hearing in this case are reasonable.

**IV. Fee Hearing**

Upon review of Plaintiffs' time sheets, based on the Court's experience, and the time required to adequately prepare for the fee hearing in this case, the Court finds that Plaintiffs are entitled to the following attorneys' fees for the work performed in conjunction with the fee hearing in this case:[7]

| Attorney | Rate | Hours | Totals |
|---|---|---|---|
| Ms. Dowd | $300.00 | 15.1 | $4,530.00 |
| Mr. Katon | $350.00 | 18.1 | $6,335.00 |
| Mr. Marshall | $400.00 | 30.0 | $12,000.00 |
| TOTAL: | | **63.2** | **$22,865.00** |

**V. Modification to the Lodestar**

Neither party has asked for an enhancement or reduction to the lodestar. Even if they had, the Court finds that an enhancement or reduction to the lodestar would not be appropriate in this case.

---

[7]The Court finds, however, that the time spent by Plaintiffs' counsel on the Motion to Amend Judgment (Doc. 96) is not compensable. Plaintiffs' Motion to Amend Judgment was wholly without merit and denied (Doc. 103). The record evidence in this case was clearly insufficient to support an award of monetary damages. Accordingly, Plaintiffs' counsel should not be compensated for unsuccessfully attempting to alter the judgment in this case.

**VI. Conclusion**

Based on the foregoing, Plaintiffs' Motion for Attorneys' Fees and Litigation Expenses (Doc. 93) is **GRANTED in part** and **DENIED in part**.  The Court finds that, pursuant to 42 U.S.C. § 1988, Plaintiffs are entitled to a reasonable attorneys' fee award of $231,250.00. Exclusive of the work performed on the fee hearing in this case, Plaintiffs' counsel are to be compensated at the following reasonable rates and hours:

| Attorney | Rate | Hours | Totals |
| --- | --- | --- | --- |
| Ms. Dowd | $300.00 | 313 | $93,900.00 |
| Mr. Katon | $350.00 | 314.3 | $110,005.00 |
| Mr. Marshall | $400.00 | 11.2 | $4,480.00 |
| TOTAL: | | **638.5** | **$208,385.00** |

Including, then, the $22,865.00 to which Plaintiffs are entitled for the work performed in conjunction with the fee hearing in this case, Plaintiffs are entitled to an attorneys' fee award of $231,250.00.

The Court further finds that Plaintiffs are also entitled to an award of litigation expenses, including expert witness fees, pursuant to 42 U.S.C. § 1988, in the amount of $1,471.54.  Finally, the Court finds that Plaintiffs are entitled to an award of costs pursuant to 28 U.S.C. § 1920 in the amount of $1,822.10.

Accordingly, the Clerk of the Court is directed to enter a judgment against the Defendant, City of Orlando, in the amount of $234,543.64.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on November 12, 2008.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE